IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARY ANN PATTI GUTHRIE, et. al.,
　　　　Plaintiffs,

vs.　　　　　　　　　　　　　　　　　Case No. 3:09cv39/MCR/EMT

FINNEGANS WAKE IRISH PUBS, LLC.,
et. al.,
　　　　Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

　　　　State court Defendants Daniel J. Levitan and Pamela H. Levitan ("the Levitans"), both of whom are proceeding pro se, initiated this action by filing a Notice of Removal seeking to remove the following five state court actions, filed in the Circuit Court in and for Escambia County, Florida: (1) Mary Ann Patti Guthrie, et al. v. Finnegan's Wake Irish Pubs, LLC, et al., Case No. 2008-CA-1516, (2) J & G's New Market, Inc. v. Mary Ann Patti, et al., Case No. 2008-CA-1878, (3) RAM 2000 Contractors, Inc. v. PME-PAM Restaurants, LLC, et al., Case No. 2008-CA-537, (4) RAM 2000 Contractors, Inc. v. PME-PAM Restaurants, LLC, et al., Case No. 2008-CA-2650, and (5) RBC Bank (USA) v. Finnegan's Wake Irish Pubs, LLC, et al., Case No. 2008-CA-3228 (Doc. 1). Now pending before the court are motions to remand filed by state court Plaintiffs RBC Bank (USA), RAM 2000 Contractors, Inc., Mary Ann Patti Guthrie, Keith Guthrie, and J & G's New Market, Inc. (Docs. 3, 4, 6, 16, 20). Additionally, state court Defendant Nine Mile Partners, Ltd. has joined in the motion to remand filed by RAM 2000 Contractors, Inc. (Doc. 13), and Third Party Defendants MAP Title Insurance Agency, LLC and Mary Ann Patti, LLC have joined in the Guthries' motion to remand (Docs. 19, 36).

　　　　On March 6, 2009, the undersigned directed the Levitans to respond to the motions to remand within fifteen (15) days (Doc. 27). On March 24, 2009, the Levitans filed a notice of

voluntary dismissal of their removal of  RBC Bank (USA) v. Finnegan's Wake Irish Pubs, LLC, et al., Case No. 2008-CA-3228 and J & G's New Market, Inc. v. Mary Ann Patti, et al., Case No. 2008-CA-1878, and the Levitans requested an additional fifteen (15) days to respond to the other motions to remand (*see* Doc. 32).  The court noted that although the Levitans' filing included a certificate of service, it did not indicate that the document was served upon counsel for all parties, specifically, the Guthries; therefore, the court ordered that the document remain in the electronic file but advised the Levitans that the document would not be considered until the deficiency was corrected (Doc. 35).  Fifteen (15) days have now elapsed since issuance of the deficiency order, and the Levitans have not corrected the deficiency or filed a response to the motions to remand.  Therefore, the motions to remand are now properly before the court.

After careful consideration of the record in this case, the undersigned concludes that this court lacks a proper basis for removal jurisdiction of any of the state court actions, and the state court matters should be remanded to the state court from which they were removed.

The right to remove a case from state to federal court derives from the statutory grant of jurisdiction in 28 U.S.C. § 1441, which provides in relevant part:

> (a)  . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> (c) Whenever a separate and independent claim or cause of action within jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all maters in which State law predominates.

28 U.S.C. § 1441(a–c).  Original jurisdiction over a case may be established where there is complete diversity and the matter in controversy exceeds the value of $75,000, (*see* 28 U.S.C. § 1332(a)), or

where the action "aris[es] under the Constitution, laws, or treaties of the United States" (*see* 28 U.S.C. § 1331). <u>Geddes v. American Airlines, Inc.</u>, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003). In assessing the propriety of removal, the rules for determining whether a controversy "arises under" federal law, thereby creating federal question jurisdiction, are well established. First, federal law must be an "essential" element of the plaintiff's cause of action. <u>Gully v. First Nat'l Bank in Meridian</u>, 299 U.S. 109, 112, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936). Second, the federal question which is the predicate for removal must be "presented on the face of the plaintiff's properly pleaded complaint." <u>Rivet v. Regions Bank of Louisiana</u>, 552 U.S. 470, 475, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912 (1998) (quoting <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987)); *see also* <u>Gully v. First Nat. Bank in Meridian</u>, 299 U.S. 109, 112–13, 57 S. Ct. 96, 81 L. Ed. 70 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. . . . and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." ). "A case will not be removable if the complaint does not affirmatively allege a federal claim." <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). Thus, the federal claim or right that provides the predicate for removal cannot appear for the first time in a defendant's answer by way of defense, nor is it sufficient for the federal question to enter the case as a counterclaim asserted by a defendant. 14B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3722, pp. 402–14 (3d ed. 1998 & Supp. 2008); *see* <u>Caterpillar Inc.</u>, 482 U.S. at 399 ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."); <u>Gully</u>, 299 U.S. at 113; *see also* <u>Hunt v. Lamb</u>, 427 F.3d 725 (10th Cir. 2005) (vacating dismissal and ordering remand to state court, holding that court lacked jurisdiction over custody dispute, even if defendant sought to vindicate federal civil and constitutional rights by way of defense or counterclaim); <u>Takeda v. Northwestern Nat. Life Ins. Co.</u>, 765 F.2d 815, 822 (9th Cir. 1985) (removability cannot be created by defendant pleading a counterclaim presenting a federal question). Third, the federal question raised must be a "substantial" one. <u>Hagans v. Levine</u>, 415 U.S. 528, 536, 94 S. Ct. 1372, 1378, 39 L. Ed. 2d 577

(1974).   Finally, the party seeking removal bears the burden of satisfying each of these preconditions.  Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127–28, 94 S. Ct. 1002, 1003, 39 L. Ed. 2d 209 (1974); Burns v. Windsor Inc. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (the defendant seeking removal has the heavy burden of proving removal is proper).  Remand is favored when there is a doubt as to whether removal was proper.  *See* Russell Corp. v. American Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001); Burns, *supra*.

Federal statutes also provide procedural requirements for removal.  Title 28 U.S.C. § 1446 provides the procedure for removal and provides that a defendant desiring to remove a civil action from a state court shall file in the federal district court a notice of removal "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  The federal district court shall examine the notice promptly, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  *Id.* § 1446(c)(4).

A non-party may not remove or participate in the removal of a case.  Housing Auth. of Atlanta v. Millweed, 472 F.2d 268, 272 (5th Cir. 1973) (removal jurisdiction cannot be premised on a non-party's presence in the action).[1]  Additionally, it is well established that in cases where there are multiple defendants, the unanimity requirement mandates that all defendants join in removing the state court action to federal court.  Russell Corp., 264 F.3d at 1049 (affirming district court's remand to state court for lack of unanimous consent to removal).

Pursuant to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).  The thirty-day time period set forth in § 1446(b) is strictly construed.  *See* Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir. 1999) (failure to comply with express statutory requirements for removal renders removal defective and subject to remand).

---

[1] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

1.      <u>RBC Bank (USA) v. Finnegan's Wake Irish Pubs, LLC, et al.</u>, Case No. 2008-CA-3228

In the motion to remand filed by RBC Bank (USA) ("RBC Bank" or "RBC Bank (USA)"), RBC Bank states that on or about October 9, 2008, it filed its complaint in state court against Defendants Finnegan's Wake Irish Pubs, LLC; Keith P. Guthrie; Mary A. Patti Guthrie; Alan E. Levitan, individually; Alan E. Levitan, as Trustee of the Alan E. Levitan Revocable Trust Agreement dated January 29, 2007; and Pamela T. May a/k/a Pamela Teresa May a/k/a Pamela T. Haupt a/k/a Pamela Teresa Levitan, under Case No. 2008-CA-3228 (Doc. 3 at 3, Ex. A). The complaint asserts causes of action arising under state law, including breach of certain loan documents (a loan agreement, promissory note, mortgage, security agreement, and certain guarantees) and default thereunder (*id.*). On October 23, 2008, Defendant Pamela Levitan was served with a summons and complaint (Doc. 3 at 3, Ex. B). RBC Bank seeks remand of the case on three grounds. First, the notice of removal was untimely with respect to Defendant Pamela Levitan (Doc. 3 at 6–7). Second, Daniel Levitan is not a party to the state court action and, therefore, lacks standing to remove the case (*id.* at 7). Third, Pamela Levitan failed to comply with the unanimity requirement of the removal statute, which mandates that all Defendants consent to removal (*id.* at 8).

Initially, as previously noted, the Levitans apparently agree that this case should be remanded to the state court (*see* Doc. 32). Additionally, the standing and timeliness grounds for remand asserted by RBC Bank are well founded. Only state court defendants may remove an action to federal court, *see* Section 1446(a), and since Daniel Levitan is not a party to the state court action, he has no standing to remove the action to federal court. *See* <u>Housing Auth. of Atlanta</u>, 472 F.2d at 272 (removal jurisdiction cannot be premised on a nonparty's presence in the action). Additionally, Pamela Levitan failed to comply with the thirty-day time limit set forth in Section 1446(b). She does not dispute that she was served with process on October 23, 2008, and she did not file the notice of removal until January 29, 2009, well after the thirty-day time limit. Finally, the Levitans have asserted no sufficient basis for removal. In the notice of removal, the Levitans assert federal question jurisdiction under 28 U.S.C. § 1331 on the ground that they are asserting counterclaims and third party claims under the federal RICO Act, 18 U.S.C. §§ 1961, 1962 against

the Plaintiffs and several Third Party Plaintiffs in <u>Mary Ann Patti Guthrie, et al. v. Finnegan's Wake Irish Pubs, LLC, at al.</u>, Case No. 2008-CA-1516 (*see* Doc. 1 at 6), but that case is a completely separate case from the RBC Bank case, Case No. 2008-CA-3228. Furthermore, the Levitans do not contend that any of the claims of RBC Bank in its state court action arise under the Constitution or laws of the United States. Indeed, there would be no basis for such argument because RBC Bank's well-pleaded complaint shows that its claims arise exclusively under state law (*see* Doc. 3, Ex. A). Therefore, there is no jurisdictional basis for removal, and state court Case No. 2008-CA-3228 should be remanded.

       2.    <u>J & G's New Market, Inc. v. Mary Ann Patti, et al.</u>, Case No. 2008-CA-1878

      In the motion to remand filed by J & G's New Market, Inc. ("New Market"), New Market states that on June 18, 2008, it filed its complaint in state court against Defendants Keith P. Guthrie; Mary Ann Patti Guthrie; Jane E. Levitan, individually; Jane E. Levitan, as Trustee of the Jane E. Levitan Revocable Trust; and Pamela May Levitan, under Case No. 2008-CA-1878 (Doc. 16 at 4, Ex. A). The complaint asserts causes of action arising under state law, including default under a promissory noted and certain guarantees (*id.*). New Market seeks remand of the case on four grounds. First, this court lack subject matter jurisdiction (Doc. 16 at 6–7). Second, the notice of removal was untimely with respect to Defendant Pamela Levitan (*id.* at 8). Third, Daniel Levitan is not a party to the state court action and, therefore, lacks standing to remove the case (*id.* at 8–9). Fourth, all Defendants in the state court action have not joined in or consented to removal (*id.* at 9–10).

      Initially, as previously noted, the Levitans apparently agree that this case should be remanded to the state court (*see* Doc. 32). Additionally, the standing, timeliness, and jurisdictional grounds for remand asserted by New Market are well founded. As previously discussed, only state court defendants may remove an action to federal court, *see* Section 1446(a), and since Daniel Levitan is not a party to the state court action, he has no standing to remove the action to federal court. Furthermore, Pamela Levitan failed to comply with the thirty-day time limit set forth in Section 1446(b). She does not dispute that she was served with process on June 20, 2008, and she did not file the notice of removal until January 29, 2009, well after the thirty-day time limit. Finally, the Levitans have asserted no sufficient basis for removal. As previously discussed, in the notice

of removal, the Levitans assert federal question jurisdiction under 28 U.S.C. § 1331 on the ground that they are asserting counterclaims and third party claims under the federal RICO Act in <u>Mary Ann Patti Guthrie, et al. v. Finnegan's Wake Irish Pubs, LLC, at al.</u>, Case No. 2008-CA-1516, but that case is a completely separate case from the New Market case, and New Market is neither a plaintiff nor a third party defendant in Case No. 2008-CA-1516 (*see* Doc. 16, Ex. B).  Furthermore, the Levitans do not contend that any of New Market's claims in the state court action arise under the Constitution or laws of the United States.  Indeed, there would be no basis for such argument because New Market's well-pleaded complaint shows that its claims arise exclusively under state law (*see* Doc. 16, Ex. A).  Therefore, there is no jurisdictional basis for removal of the New Market case, and state court Case No. 2008-CA-1878 should be remanded.

3. <u>RAM 2000 Contractors, Inc. v. PME-PAM Restaurants, LLC, et al.</u>, Case No. 2008-CA-537

In the motion to remand filed by RAM 2000 Contractor's, Inc. ("RAM 2000") in state court Case No. 2008-CA-537, RAM 2000 states that on February 15, 2008, it filed its complaint in state court against Defendants PME-PAM Restaurants, LLC and Nine Mile Partners, Ltd. under Case No. 2008-CA-537 (Doc. 4 at 3, Ex. A).  The complaint asserts causes of action arising under state law, including unjust enrichment, quantum meruit, and breach of contract (*id.*).  RAM 2000 seeks remand of the case on three grounds.  First, the notice of removal was untimely (Doc. 4 at 6–7).  Second, neither Pamela Levitan nor Daniel Levitan is a party to the state court action and, therefore, they lack standing to remove the case (*id.* at 7).  Third, the Levitans failed to comply with the unanimity requirement mandating that all Defendants consent to removal (*id.* at 7–8).

Upon the face of the complaint filed by RAM 2000, neither Pamela Levitan nor Daniel Levitan is a named defendant; therefore, neither of them have standing to remove the state court action.  *See* <u>Housing Auth. of Atlanta</u>, 472 F.2d at 272.  Additionally, there is no unanimous consent to removal by the state court Defendants, as evidenced by the fact that Nine Mile Partners, Ltd., one of the state court Defendants who was served with process on April 4, 2008 (*see* Doc. 4 at 3), joined the motion of RAM 2000 to remand this case to state court (*see* Doc. 13).  Therefore, removal is improper, and state court Case No. 2008-CA-537 should be remanded.

4. <u>RAM 2000 Contractors, Inc. v. PME-PAM Restaurants, LLC, et al.</u>, Case No. 2008-

CA-2650

In the motion to remand filed by RAM 2000 in state court Case No. 2008-CA-2650, RAM 2000 states that on August 25, 2008, it filed its complaint in state court against Defendants PME-PAM Restaurants, LLC and Pamela T. May n/k/a Pamela T. Levitan, under Case No. 2008-CA-2650 (Doc. 20 at 3, Ex. A).  The complaint asserts a cause of action under state law to collect worthless checks (*id.*).  On August 26, 2008, Defendants Pamela Levitan and PME-PAM Restaurants, LLC were served with a summons and complaint (Doc. 20 at 3).  RAM 2000 seeks remand of the case on three grounds.  First, the notice of removal was untimely with respect to Defendant Pamela Levitan (Doc. 20 at 5).  Second, Daniel Levitan is not a party to the state court action and, therefore, lacks standing to remove the case (*id.* at 5–6).  Third, Pamela Levitan failed to comply with the unanimity requirement of the removal statute which mandates that all Defendants consent to removal (*id.* at 6–7).

The grounds for remand asserted by RAM 2000 are well founded.  Upon the face of the complaint filed by RAM 2000, Daniel Levitan is not a named defendant; therefore, he does not have standing to remove the state court action.  Additionally, Pamela Levitan failed to comply with the thirty-day time limit set forth in Section 1446(b).  She does not dispute that she was served with process on August 26, 2008, and she did not file the notice of removal until January 29, 2009, well after the thirty-day time limit.  Moreover, there is no unanimous consent to removal by the state court defendants, as evidenced by the fact that  the notice of removal was filed by the Levitans in their individual capacities, but PME-PAM Restaurants, LLC, the other state court Defendant who was served with process on August 26, 2008 (*see* Doc. 20 at 3), did not file anything indicating its consent to removal.  Finally, the Levitans have asserted no sufficient basis for removal.  In the notice of removal, the Levitans assert federal question jurisdiction under 28 U.S.C. § 1331 on the ground that they are asserting counterclaims and third party claims under the federal RICO Act in <u>Mary Ann Patti Guthrie, et al. v. Finnegan's Wake Irish Pubs, LLC, at al.</u>, Case No. 2008-CA-1516, but that case is a completely separate case from the RAM 2000 case, Case No. 2008-CA-2650.  Furthermore, the Levitans do not contend that any of RAM 2000's claims in its state court action arise under the Constitution or laws of the United States.  Indeed, there would be no basis for such argument because RAM 2000's well-pleaded complaint shows that its claims arise exclusively under state law

(*see* Doc. 20, Ex. A).  Therefore, there is no jurisdictional basis for removal, and state court Case No. 2008-CA-2650 should be remanded.

> 5.    Mary Ann Patti Guthrie, et al. v. Finnegan's Wake Irish Pubs, LLC, at al., Case No. 2008-CA-1516

In the motion to remand filed by Mary Ann Patti Guthrie and Keith Guthrie (the Guthries), the Guthries state that on May 16, 2008, they filed a complaint in state court against the Levitans and Finnegan's Wake Irish Pubs, LLC ("the LLC"), under Case No. 2008-CA-1516 (Doc. 6 at 3, Ex. 1).  The complaint asserts a cause of action under state law for conspiracy and negligent misrepresentation arising out of transactions occurring at Finnegan's Wake Irish Pubs restaurant involving the partners or members of the limited liability company (*id.*).  On June 7, 2008, the Levitans and the LLC were served were served with a summons and complaint (Doc. 6 at 3).  The Levitans and the LLC jointly filed, through counsel, an answer on June 30, 2008 (*id.*, Ex. 2).  The Guthries seek remand of the case on three grounds.  First, the notice of removal was untimely (Doc. 6 at 5–6).  Second, the Levitans failed to comply with the unanimity requirement of the removal statute which mandates that all Defendants consent to removal (*id.*).  Third, there is no jurisdictional basis for removal (*id.* at 5).

The grounds for remand asserted by the Guthries are well founded.  Initially, the Levitans failed to comply with the thirty-day time limit set forth in Section 1446(b).  They do not dispute that they were served with process on June 7, 2008, and they did not file the notice of removal until January 29, 2009, well after the thirty-day time limit.  Furthermore, there is no unanimous consent to removal by the state court Defendants, as evidenced by the fact that the notice of removal was filed by the Levitans in their individual capacities, but the LLC did not file anything indicating its consent to removal.  Therefore, removal is procedurally improper.

Additionally, and most importantly, the Levitans have failed to carry their burden of demonstrating that removal is proper under the court's federal question jurisdiction.  The Levitans do not contend that any of the Guthries' claims in the state court action arise under the Constitution or laws of the United States.  Indeed, there would be no basis for such argument because the claims asserted in the Guthries' well-pleaded complaint arise exclusively under state law.  Furthermore, the Levitans' federal RICO claims did not create a ground for removal because they were asserted in

the Levitans' "Third Party Complaint Counterclaim," and the undersigned agrees with other federal courts which have held that the federal claim or right that provides the predicate for removal cannot appear in a Defendant's third party claim.  *See* Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998) ("[T]he defendant's third-party claim alleging a federal question does not come within the purview of § 1441 removability."); Cross Country Bank v. McGraw, 321 F. Supp. 2d 816, 820–21 (S.D. W.Va. 2004) ("Federal question jurisdiction exists only if the plaintiff's complaint states a federal cause of action; permitting a defendant to create federal subject matter jurisdiction by casting a third-party complaint in terms of a federal cause of action would impermissibly expand the jurisdiction of the federal courts beyond that conferred by Congress."); Southern Timber Co. v. Ellis, No. 4:07-CV-0215-HLM, 2008 WL 2987198 (N.D. Ga. Aug. 1, 2008). Likewise, as previously discussed, the federal claim or right that provides the predicate for removal cannot appear for the first time in the Defendant's answer or as a counterclaim.  *See,* UTrue, Inc. v. Page One Science, Inc., 457 F. Supp. 2d 688 (E.D.  Va. 2006) (remanding sua sponte, for lack of subject-matter jurisdiction, suit by manufacturer of cargo container security equipment against company that allegedly breached contract, concluding that defendant's RICO counterclaim could not serve as basis for removal based on federal question jurisdiction, but incorrectly citing § 1441(c), rather than § 1441(a), as provision providing for removal based on federal question jurisdiction); Williamsburg Plantation, Inc. v. Bluegreen Corp., 478 F. Supp. 2d 861 (E.D. Va. 2006) (granting defendants' motion to remand resort owner's action against a rival resort owner and former employees of the plaintiff, holding that former employees' counterclaim against plaintiff, alleging violations of the FLSA, was the only federal question claim presented and was insufficient for federal jurisdiction because it was a counterclaim; refusing to realign the parties); Fosnocht v. Demko, 438 F. Supp. 2d 561 (E.D. Pa. 2006) (remanding for lack of jurisdiction because no federal question appeared in plaintiff's complaint and counterclaim alleging violation of federal Fair Debt Collection Practices Act could not serve as basis for federal question jurisdiction); In re Whatley, 396 F. Supp. 2d 50 (D. Mass. 2005) (holding that federal question jurisdiction could not be based on a counterclaim, and thus rejecting jurisdiction based on defendants' 42 U.S.C.A. § 1983 counterclaim where plaintiffs' complaint asserted only state law claims); Akhlaghi v. Berry, 294 F. Supp. 2d 1238 (D. Kan. 2003) (remanding, holding purported removal under 28 U.S.C.A. § 1443,

based on counterclaims, not to have been proper); <u>Garbaccio v. Columbia Gas Transmission Corp.</u>, 289 F. Supp. 2d 903 (N.D. Ohio 2003) (remanding, holding *inter alia* that defendant's counterclaim, even if arising under federal law, could not confer federal subject-matter jurisdiction); <u>Redevelopment Agency of San Bernardino v. Alvarez</u>, 288 F. Supp. 2d 1112 (C.D. Cal. 2003) (noting that removal cannot be based on a counterclaim or cross-claim, but upholding removal where original state court plaintiff asserted a federal RICO claim); <u>Prop. Clerk, New York City Police Dep't v. Fyfe</u>, 197 F. Supp. 2d 39 (S.D. N.Y. 2002) (remanding plaintiff's state law vehicle-forfeiture action, removed based on defendant's counterclaim asserting violations of Fourth and Fourteenth Amendment rights under the U.S. Constitution); <u>Stone v. Williams</u>, 792 F. Supp. 749 (M.D. Ala. 1992) (federal question jurisdiction must be determined by plaintiff's complaint, not by defendant's counterclaim even if counterclaim is compulsory); <u>McClymonds v. Brandle</u>, 171 F. Supp. 457 (D. Mo. 1959) (where complaint on its face did not invoke or establish federal court jurisdiction, defendant was not entitled to removal of case).

Additionally, the Levitans' contention that removal is proper under Section 1441(c) is misplaced.  As previously noted, that Section provides, "Whenever a separate and independent claim or cause of action within jurisdiction conferred by Section 1331 . . . is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed . . ." 28 U.S.C. § 1441(c) (*see* Doc. 1 at 6).  The Levitans contend that their counterclaims and third party claims under the federal RICO Act are separate and independent from the Guthries' main cause of action; therefore, removal of the action is proper (*see* Doc. 1 at 6; Doc. 8, Ex. 22, "Third Party Complaint Counterclaim").

The application of 28 U.S.C.A. § 1441(c) is restricted to situations where the state court plaintiff joins two or more claims, one of which will qualify as a separate and independent claim, and does not apply to a claim introduced by means of a defense, counterclaim or third party claim, even if these defenses and claims seem separable and independent enough to qualify under the language of Section 1441(c).  *See* 14B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3724, pp. 32–33 (3d ed. 1998); *see also* <u>Radio Shack Franchise Dept. v. Williams</u>, 804 F. Supp. 151 (D. Kan. 1992); <u>White v. Hughes</u>, 409 F. Supp. 1005, 1008 (W.D. Tenn. 1975); <u>United Founders Life Ins. Co. of Ill. v. Blackhawk Holding Corp.</u>, 341 S.

Supp. 483, 485 (E.D. Wis. 1972) (a cross-claim is not a "separate and independent claim or cause of action" within the meaning of § 1441(c)); Verschell v. Fireman's Fund Ins. Co., 257 F. Supp. 153, 154 (S.D.N.Y. 1966) ("[T]he joinder of claims to which 28 U.S.C. § 1441(c) refers is solely the joinder in the complaint by the plaintiff.  The principle is that if plaintiff has not joined 'a separate and independent claim' by him which is removable, then no defendant in any cross-claim thereafter filed has any right of removal."); Cannon v. Goodyear Tire & Rubber Co., 241 F. Supp. 23 (E.D. S.C. 1965).

Furthermore, the Levitans' RICO claims against the Guthries and the Third Party Defendants are not separate and independent of the original conspiracy and negligent misrepresentation claims so as to warrant their removal.  The Supreme Court in American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S. Ct. 534, 95 L. Ed. 702 (1951), set forth the relevant test to determine the propriety of removal under section 1441(c).  In Finn, the Court held that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under Section 1441(c)." 341 U.S. at 14.  Separate and independent contemplate more than a test for severability.  Id. at 12.  "The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." Id.  Additionally, "[i]f all damages come 'from a single incident' or all claims involve 'substantially the same facts' invasion of a single primary right is indicated." Addison v. Gulf Coast Contracting Services, Inc., 744 F.2d 494, 500 (5th Cir. 1984) (quoting Finn, 341 U.S. at 16).

In the instant case, the Guthries' complaint involves conduct of the Levitans relating to the formation and operation of Finnegan's Wake Irish Pubs, LLC (the LLC).  In the complaint, the Guthries claim that the Levitans conspired to enter into agreements to the detriment of the LLC and its minority members, including, entering into a contract whereby Daniel Levitan would be paid $500,000.00 per year for purported management duties, refusing and failing to pay vendors, refusing and failing to pay taxes, refusing to provide minority members with accountings and records, and forming separate but similar corporate entities to divert the assets of the LLC (Doc. 6, Ex. 1).  The Guthries additionally claim that the Levitans misrepresented material facts concerning the formation

and operation of the LLC and caused the Guthries, in reliance thereon, to co-sign and guarantee substantial loans to their detriment (*id.*).  The factual allegations underlying these claims include allegations that the Guthries questioned certain accounting practices of the LLC and requested certain records by letter, which resulted in a lawsuit filed by the LLC, and only after that suit was dismissed were limited records produced (*id.*).  The complaint also alleges that subsequent to the formation of the LLC, May Ann Patti Guthrie's law office was broken into and some of the removed items included records pertaining to the LLC, and a computer used by Daniel Levitan for purposes involving the LLC was "wiped clean" by unknown persons (*id.*).  The complaint additionally alleges that Pamela Levitan refused to allow the lending institution for the LLC to provide records of banking activities to the Guthries even though they are signatories and personal guarantors (*id.*).

The basis of the Levitans' RICO claim is that the Guthries and Third Party Defendants unlawfully diverted the United States Mail, used information derived from the intercept of United States Mail to obtain privileged information, used the law offices of Mary Ann Patti Guthrie as an enterprise for engaging in fraud, used the internet to tortuously interfere with the Levitans, and used interstate wires to transmit unlawfully obtained information (*see* Doc. 8, Ex. 22, "Third Party Complaint Counterclaim" at 14).[2]  They further contend that the Guthries and Third Party Defendants used the law offices of Mary Ann Patti Guthrie as the enterprise for engaging in the above-described unlawful conduct and conspired to inflict harm upon the Levitans by knowingly converting the information they illegally obtained to file malicious lawsuits and extort the Levitans and their families (*id.*).  The factual allegations underlying the RICO claims include several allegations concerning the conduct of the Guthries and Third Party Defendants with respect to activities involving the LLC (*id.* at 6–9).

The undersigned concludes that the claims and contentions embodied in the original and third party complaint involving Finnegan's Wake Irish Pubs, LLC, are part of an intertwined series of transactions or actions which, when viewed as a whole, cannot be said to be "separate and independent."  Thus, the Levitans have failed to demonstrate that their RICO claims are separate and

---

[2]The Levitans also assert claims of tortious interference with business, mail fraud, wire fraud, blackmail, extortion, unjust enrichment, conversion, and civil conspiracy (*see* Doc. 8, Ex. 22 at 10–14).

independent of the original claims brought by the Guthries so as to warrant their removal.

The remaining issue is whether the parties who have filed motions to remand are entitled to attorney's fees and costs.  Pursuant to 28 U.S.C. § 1447(c), this court has discretion to award attorney's fees and costs incurred as a result of the Levitans' seeking removal.  Attorney's fees, costs, and expenses may be awarded on a motion to remand "only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005).  In Martin, the Supreme Court set forth that the "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  Id.

In the instant case, RBC Bank (USA), RAM 2000, J & G's New Market, and the Guthries, as well as the state court Defendant Nine Mile Partners and Third Party Defendants MAP Title Insurance Agency, LLC and Mary Ann Patti, LLC have demonstrated that the Levitans' position was so unreasonable with regard to removal of the state court actions that sanctions are warranted. The Levitans' notice of removal was clearly untimely as to each state court case, and the Levitans were not even parties to one of the cases, RAM 2000 Contractors, Inc. v. PME-PAM Restaurants, LLC, et al., Case No. 2008-CA-537.  Most importantly, the complaints filed by the Guthries, RBC Bank, RAM 2000, and J & G's New Market asserted no federal question on their faces, and the Levitans failed to provide a reasonable argument in support of federal question jurisdiction. Therefore, the undersigned concludes that the Levitans failed to demonstrate any objectively reasonable basis for federal jurisdiction, and RBC Bank (USA), RAM 2000, J & G's New Market, the Guthries, Nine Mile Partners, MAP Title Insurance Agency, LLC and Mary Ann Patti, LLC have carried their burdens of establishing a basis for awarding attorney's fees and costs.  Compare Bauknight v. Monroe County, Fla., 446 F.3d 1327, 1329–32 (11th Cir. 2006) (district court did not abuse discretion by refusing to award cost and fees under § 1447(c) where removal was objectively reasonable based upon fact that state court plaintiffs included a federal question in their state court complaint), with Lost Mountain Homeowners Ass'n, Inc. v. Rice, 248 Fed. Appx. 114, 116 (11th Cir. 2007) (district court did not abuse discretion in awarding attorney's fees under § 1447(c) as

removing party lacked reasonable basis to remove case where removing party failed to show, and record otherwise did not demonstrate, that the parties to the case were diverse or that the case involved a federal question; rather, crux of removing party's claim was that state court plaintiffs left out a word in the case style for their pleadings), *and* Devine v. Prison Health Services, Inc., 212 Fed. Appx. 890, 893 (11th Cir. 2006) (district court did not abuse discretion by awarding attorney's fees under § 1447(c) where removing party failed to demonstrate any objectively reasonable basis for federal jurisdiction in its removal petition or arguments in support thereof), *and* Gonzalez v. J.C. Penney Corp., 209 Fed. Appx. 867, 870 (11th Cir. 2006) (district court did not abuse discretion by awarding attorney's fees under § 1447(c) where, at best, record revealed that counsel for removing defendant was carelessly unaware of legal or factual errors and, at worst, removing party removed case to prolong and confuse the litigation), *and* Hansard v. Forsyth County, GA, 191 Fed. Appx. 844, 846 (11th Cir. 2006) (district court did not abuse discretion by awarding attorney's fees under § 1447(c) where the original state court complaint, on its face, did not plead a federal claim and resolution of the state law claims did not necessarily require resolution of any federal issues).

Accordingly, it is **ORDERED**:

1.      The Motion to Withdraw as Attorney (Doc. 38), filed by counsel for Mary Ann Patti Guthrie and Keith P. Guthrie is **GRANTED**.

2.      On or before **APRIL 25, 2009**, RBC Bank (USA), RAM 2000, J & G's New Market, and the Guthries, as well as the state court Defendant Nine Mile Partners and Third Party Defendants MAP Title Insurance Agency, LLC and Mary Ann Patti, LLC shall submit documentation of fees and costs incurred in bringing their respective motions to remand.[3]

And it is respectfully **RECOMMENDED**:

1.      That the motions for remand filed by RBC Bank (USA) (Doc. 3), RAM 2000 Contractors, Inc. (Docs. 4, 20), Mary Ann Patti Guthrie and Keith Guthrie (Doc. 6), Nine Mile

---

[3]The court expects that the fees and costs incurred by RAM 2000 will be less than the fees and costs incurred by RBC Bank (USA), since the motions to remand filed by RAM 2000 (Docs. 4, 20) are nearly verbatim renditions of the motion to remand filed by RBC Bank (Doc. 3).  Likewise, the court notes that MAP Title Insurance Agency, LLC and Mary Ann Patti, LLC joined in the motion to remand filed by the Guthries, and their joinder motions (Doc. 19, 36) are nearly verbatim renditions of the Guthries' motion to remand (Doc. 6).  Additionally, the joinder by Nine Mile Partners, Ltd. in RAM 2000's motion to remand (Doc. 13) appears to have required little time to prepare.

Partners, Ltd. (Doc. 13), J & G New Market, Inc. (Doc. 16), MAP Title Insurance Agency, LLC (Doc. 19) and Mary Ann Patti, LLC (Doc. 36) be **GRANTED**.

  2.  That the removal be **DISMISSED** as improper.

  3.  That the clerk be directed to remand this case, which includes state court case numbers 2008-CA-1516, 2008-CA-1878, 2008-CA-537, 2008-CA-2650, and 2008-CA-3228, to the Circuit Court for Escambia County, Florida.

  4.  That all other pending motions be **DENIED** as moot.

At Pensacola, Florida this 14th day of April 2009.


           /s/ *Elizabeth M. Timothy*      
           **ELIZABETH M. TIMOTHY**
           **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

    **Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**