IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARY ANN PATTI GUTHRIE, et al.,
    Plaintiffs,

vs.                                               Case No. 3:09cv39/MCR/EMT

FINNEGANS WAKE IRISH PUBS, LLC,
et al.,
    Defendants.
_____/

## O R D E R

This cause is before the court on the Levitans' "Motion for Reconsideration of Remand, Motion for Reconsideration for Attorney's Fee, and Motion to Amend Removal Petition to Cure Defects." (Doc. 94).

Initially, the Levitans have failed to show that the court's order rendered June 4, 2009, granting the motions for remand and dismissing the Levitans' removal as improper (doc. 65), was clearly erroneous or contrary to law. Therefore, the Levitans' motion for reconsideration of that order shall be denied.

Additionally, permitting the Levitans to amend the notice of removal would be futile. A district court may, in the exercise of its inherent power to manage the conduct of litigation before it, deny a party's motion to amend where there is substantial ground for doing so, such as futility of amendment. *See Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)). In the instant case, the allegations which the Levitans state they would include in an amended notice of removal would not render the state court actions removable. Therefore, the Levitans' motion to amend will be denied.

Finally, the issue of attorney fees has not yet been ruled upon by the court. Therefore, the Levitans' motion for reconsideration of the attorney fee issue shall be denied as premature.

Accordingly, it is **ORDERED**:

The Levitans' "Motion for Reconsideration of Remand, Motion for Reconsideration for Attorney's Fee, and Motion to Amend Removal Petition to Cure Defects" (doc. 94) is **DENIED**.

**DONE AND ORDERED** this 16th day of November 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**