IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARY ANN PATTI GUTHRIE, et al.,
    Plaintiffs,

vs.                                  Case No. 3:09cv39/MCR/EMT

FINNEGANS WAKE IRISH PUBS, LLC.,
et al.,
    Defendants.
_____/

## THIRD REPORT AND RECOMMENDATION

This matter is before the court upon referral from the District Judge for report and recommendation as to the amount of fees and costs to be awarded to RBC Bank (USA), RAM 2000 Contractors, Inc. (RAM 2000), Mary Ann Patti Guthrie and Keith Guthrie (the Guthries), Nine Mile Partners, Ltd., J & G New Market, Inc., M.A.P. Title Insurance Agency, LLC, and Mary Ann Patti, LLC ("the non-removing parties") for the improper removal to this court of five state court cases by Defendants Daniel J. Levitan and Pamela H. Levitan ("the Levitans") (*see* Doc. 71).

In the first Order, Report and Recommendation, the undersigned determined that removal of the state court actions was improper, and the non-removing parties carried their burdens of establishing a statutory basis for an award of attorney's fees and costs under 28 U.S.C. § 1447(c) (*see* Doc. 39).[1] Therefore, the undersigned recommended remand of the state court actions to state court and ordered the non-removing parties to submit documentation of fees and costs incurred in bringing their respective motions to remand (*id.*).  The non-removing parties submitted documentation in the form of motions for attorney's fees and costs (*see* Docs. 40, 41, 43, 46, 53, 54,

---

[1] The undersigned did not analyze the attorney fee issue beyond whether the non-removing parties had established a basis, under § 1447(c), for the requests for attorney's fees and costs included in their motions for remand.

55, 57). The Levitans sought, and the District Judge granted, two extensions of time to file objections to the Report and Recommendation and the motions for attorney's fees and costs (Docs. 60, 61, 63, 64). Despite the extensions of time, the Levitans never filed objections, nor did they challenge their liability for attorney's fee or reject or otherwise challenge the amounts of fees and costs requested by the non-removing parties. The District Judge adopted the first Report and Recommendation, granted the motions for remand, dismissed the removal as improper, remanded the case to the state court, and referred this matter to the undersigned for report and recommendation as to the amount of fees and costs to be awarded to the non-removing parties for the Levitans' improper removal (Doc. 65). Nearly six (6) weeks later, there still being no dispute from the Levitans as to their liability for attorney's fees and costs or the amounts of attorney's fees and costs requested by the non-removing parties, including any challenge to the sufficiency of any documentation or reasonableness of rates or hours requested, the undersigned recommended that the motions for attorney's fees and costs filed by the non-removing parties be granted (Doc. 69).

It was at this time that the Levitans first expressed their position on the attorney's fees issue, filing objections to the Second Report and Recommendation and challenging the amounts of fees sought by RAM 2000, the Guthries, M.A.P. Title Insurance Agency, LLC, and Mary Ann Patti, LLC (*see* Doc. 70). The Levitans challenged the amounts of fees sought by these particular parties on the grounds that they were duplicative, fraudulent, and otherwise excessive (*id.*). The District Judge determined that the motions for attorney's fees filed by the non-removing parties did not comply with Local Rule 54.1(B) or Local Rule 54.1(E), and thus were not properly supported; therefore, an award of fees was not appropriate (*see* Doc. 71). The District Judge referred the matter to the undersigned for further proceedings (*id.*).

Some of the non-removing parties filed motions for reconsideration of the District Judge's order (*see* Docs. 72, 73, 74). The District Judge granted the motions to the extent the non-removing parties were allowed to resubmit documentation of fees and costs, and the District Judge referred the matter to the undersigned for further proceedings, including a determination of whether the parties' failure to submit monthly time records in accordance with the local rules should be excused (*see* Doc. 76).

All of the non-removing parties, except Nine Mile Partners, Ltd., resubmitted documentation of fees (*see* Docs. 78, 79, 81, 82, 83, 84). Additionally, the parties submitted argument, at the direction of the undersigned, as to why attorney's fees should not be disallowed for failure to comply with Local Rule 54.1(B) (*see* Docs. 85, 89, 90, 91, 92, 93).

The local rule governing awards of attorney's fees and related nontaxable expenses is Rule 54.1, which provides, in relevant part:

> (A) **Time for Filing**. A motion for an award of attorneys' fees and related nontaxable expenses (not otherwise taxable as costs) shall be filed and served within the time specified in the scheduling order entered in the case and as otherwise provided in Fed. R. Civ. P. 54(d). The pendency of an appeal from the judgment shall not toll the time for filing the motion. (*see also*, Fed. R. Civ. P. 58).
>
> (B) **Attorneys' Fees Records**. In any proceeding in which any party is seeking an award of attorneys' fees from the opposing party pursuant to any statute, contract, or law, the party seeking such an award of attorneys' fees shall:
>
>> (1) Maintain a complete, separate, and accurate record of time (to the nearest 1/10 of an hour) devoted to the particular action, recorded contemporaneously with the time expended, for each attorney and each specific activity involved in the action (i.e., not just "research" or "conference"); and
>>
>> (2) File electronically a summary of such time record with the clerk by the fifteenth (15th) day of each month during the pendency of the action, for work done during the preceding month.
>>
>> (3) If claim will be made for services performed by any person not a member of the bar, a separate time record shall be maintained for each such individual and filed as specified below, together with the hourly rate at which such person is actually reimbursed.
>>
>> (4) These records may be filed electronically under seal. If the attorney does not file these time records under seal, such records will remain unsealed. Attorney time records will be maintained electronically and will not be included in the electronic case file. Upon termination of the case or the determination of attorneys' fees, whichever occurs later, all time records in the case will be destroyed.
>>
>> (5) <u>Failure to comply with these requirements will result in attorneys' fees being disallowed for the omitted period</u>.

. . . .

(E) **Determination of the Amount of Fee**. If the court has awarded fees or expenses, the party awarded such fees or expenses shall file and serve, within fourteen (14) days of the order determining liability:

> (1) An affidavit setting out the requested amount and specifically describing the requested rate of compensation and the numbers of hours spent in the prosecution or defense of the case as are reflected in the monthly reports filed with this court, with sufficient detail to identify the exact nature of the work performed. As an example of the specificity here required, it would not be appropriate to simply list the subject as "research;" rather, it is required that the specific matter being researched be specified in such detail as would permit a determination being made as to (a) the necessity for the research, and (b) whether the hours attributable to it are reasonable; and
>
> (2) If the party prevailed on some, but not all, claims that were the subject of the complaint/defense for which fees or expenses are being awarded, then the affidavit must clearly identify those hours that were spent only on the compensable claims(s).
>
> (3) The party awarded fees shall also file and serve a supporting affidavit from an attorney, familiar with the area of law involved, that the requested rate for hourly compensation is in line with the prevailing market rate for the work performed. (4) Within fourteen (14) days after service of the affidavits in (1) and (3), the party or parties against whom the fees and costs are being sought shall file and serve an acceptance or rejection of the amount being claimed as attorneys' fees. If the amount being claimed is rejected, the rejecting party shall:
>
>> (a) Identify which hours are objected to and for what reason;
>>
>> (b) If there is objection as to the proposed "prevailing market rate," the objecting party must submit an affidavit as to the prevailing hourly rate believed to be more appropriate; and
>
> (c) Propose an amount of attorneys' fees or expenses that the party would be willing to pay, without prejudice to pursue on appeal the legal liability of that party for attorneys' fees and expenses, or the amount thereof.
>
> (5) The party awarded fees or expenses shall thereafter file and serve an acceptance or rejection of the counteroffer within fourteen (14) days from the service thereof.

Case No.: 3:09cv39/MCR/EMT

N.D. Fla. Loc. R. 54.1 (emphasis added).

"Practitioners must adhere to applicable local rules in order for those local rules to have effect and federal courts by enforcement will preserve the integrity of local rules, absent problems of a constitutional dimension." Zaklama v. Mount Sinai Medical Center, 906 F.2d 645, 649 (11th Cir. 1990). The district court is under no obligation to waive or ignore the local rules regarding requests for attorney fees. *See* Meadows By and Through Meadows v. Cagle's, Inc., 954 f.2d 686, 694 (11th Cir. 1992). Indeed, as acknowledged by this court in Johnson v. Mortham, the Eleventh Circuit has repeatedly upheld lower court rulings denying attorney's fees to parties failing to comply with local rules governing motions for attorney's fees. 950 F. Supp. 1117, 1125 (N.D. Fla. 1996) (citing Zaklama, *supra*, Meadows, *supra*, Quick v. Peoples Bank of Cullman County, 993, F.2d 793, 799 (11th Cir. 1993)).

In Johnson v. Mortham, this court was faced with the same issue presented in the instant case, that is whether counsel's failure to comply with the monthly time-summary requirement of Local Rule 54.1(B) was excusable, thereby permitting an award of fees despite counsel's failure to comply with the Rule. 950 F. Supp. at 1124–26. In Johnson, the court concluded that several extenuating circumstances partially excused counsel's failure to comply with Local Rule 54.1(B). First, there was nothing to put counsel on actual or constructive notice of court's usual practice regarding filing of attorney's fees records. *Id.* at 1125. This was so because the case was filed on January 21, 1994—over fourteen (14) moths prior to the effective date of Local Rule 54.1 (April 1, 1995); Rule 54.1 had no preexisting counterpart in the older version of the local rules; official publication of 1995 revisions did not occur until sometime in 1996; and the scheduling order failed to alert counsel to filing requirement. *Id.* Second, the application of the Local Rules of the Northern District of Florida was somewhat uncertain in light of the nature of the case (it was a three-judge proceeding which included a Circuit Judge of the Eleventh Circuit) and the fact that Rule 54.1 was adopted mid-stream in the litigation. *Id.* Finally, the purpose of the statute under which counsel sought attorney's fees, 42 U.S.C. § 1988, was to ensure the effective enforcement of the civil rights law by making it financially feasible to litigate civil rights violations, and to deny the plaintiff any fees would reward the civil rights violators. *Id.* at 1126. Significantly, the Johnson court noted that its holding was limited to the facts of that case:

> We hasten to add, however, that our holding is strictly limited to the peculiar facts of this case. The penalty for noncompliance with Local Rule 54.1 is clearly set forth in the rule: Failure to comply "will result in attorneys' fees being disallowed for the omitted period." Some sanction of attorneys who fail to comply is required. It is only because of the confluence of the most unique circumstances in this case that we partially excuse counsel's noncompliance here.

*Id.*

In the instant case, and as noted by the District Judge (*see* Doc. 71 at 2), none of the attorneys representing the non-removing parties complied with the requirement of electronically filing a time summary with the clerk by the fifteenth (15th) day of each month during the pendency of the action for work done during the preceding month.² *See* N.D. Fla. Loc. R. 54.1(B)(2). This failure, according to the Local Rules, results in attorneys' fees being disallowed for the omitted period. *See* N.D. Fla. Loc. R. 54.1(B)(5). Unlike the circumstances in Johnson, Local Rule 54.1(B) has been in effect nearly fifteen years prior to the commencement of this action; therefore, counsel had constructive notice of the monthly time summary requirement. *See* Johnson, 950 F. Supp. at 1124–25 and n.6 (citing Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988), Simon v. Kroger Co., 743 F.2d 1544, 1546–47 (11th Cir.1984)). Additionally, unlike the circumstances in Johnson, application of Local Rule 54.1 to this case was not unclear. As previously noted, Local Rule 54.1 was firmly in place at the time this case commenced, and it does not limit its applicability to certain types of suits or causes of action. Furthermore, Local Rule 1.1 clearly states that the local rules shall apply to all proceedings in this court. *See* N.D. Fla. Loc. R. 1.1. Therefore, application of Local Rule 54.1 to this case was clear. Thus, this case does not present the type of circumstances present in Johnson justifying excuse of counsels' noncompliance with Local Rule 54.1(B).

Additionally, the reasons asserted by the non-removing parties to excuse their failure to file monthly time summaries are not persuasive. First, Attorney Partington, counsel for RAM 2000 in one of the two improperly removed state cases, asserts that neither the initial Order, Report and Recommendation directing counsel to submit documentation of fees and costs incurred in bringing

---

² RBC Bank electronically filed an attorney time summary for the period February 1, 2009 through March 31, 2009, but that summary was filed November 4, 2009, well beyond the March 15th and April 15th deadlines set forth in Local Rule 54.1(B)(2) (*see* Doc. 88).

Case No.: 3:09cv39/MCR/EMT

their respective motions to remand (Doc. 39), nor the order adopting that Report and Recommendation (Doc. 65), required counsel to comply with the Local Rules; therefore, counsel assumed that compliance with the Order, Report and Recommendation was sufficient for the court's consideration of the attorney's fees issue (*see* Docs. 72, 89). This argument is not well taken. As noted by the District Judge (*see* Doc. 76 at 1–2), and expressly stated in Local Rule 1.1, compliance with the Local Rules is inherent in all proceedings before this court, and nothing in the Order, Report and Recommendation conflicted with the requirement to file monthly time records. Furthermore, as the District Judge noted, the requirement to file monthly time records began when the notice of removal was filed, January 29, 2009 (*see* Doc. 76 at 1). All of the non-removing parties filed their motions to remand in February of 2009, and each party included a request for attorney's fees (*see* Docs. 3, 4, 6, 13, 16, 19, 20, 36). Pursuant to Local Rule 54.1(B), if the non-removing parties wished to recover attorney's fees for time spent filing the motions to remand, the first monthly time summary was due March 15, 2009, prior to issuance of the initial Order, Report and Recommendation on April 14, 2009.

Additionally, Attorney Partington and Attorney Hoskins, counsel for J & G New Market, Inc., assert that none of the counsel for any of the non-removing parties interpreted the requirements of Local Rule 54.1 as applicable because (1) the statute which provides for the potential award of attorneys' fees, 28 U.S.C. § 1447(c), utilizes the term "may" rather than the obligatory "prevailing party" language often found in contracts or other statutes, and (2) the provisions for recovery of attorney's fees are more typically a component of a party's cause of action or defense, whereas here the basis for recovery was in the context of the removal statutes, which are largely indifferent to the nature of the underlying causes of action or defenses, except with regard to the court's jurisdiction (*see* Doc. 89 at 3; Doc. 90 at 2). However, as counsel for both parties concede (*see* Doc. 89 at 3-4; Doc. 90 at 2), Local Rule 54.1 does not limit its applicability to certain types of suits or causes of action. Furthermore, as previously noted, Local Rule 1.1 clearly states that the local rules shall apply to all proceedings in this court. *See* N.D. Fla. Loc. R. 1.1. Therefore, application of Local Rule 54.1 to this case was clear.

Attorney Hoskins, Attorney Sharon Wilson, counsel for RAM 2000 in another improperly removed state case, and Attorney Patti, counsel for the Guthries, M.A.P. Title Insurance Agency,

Case No.: 3:09cv39/MCR/EMT

LLC, and Mary Ann Patti, LLC, contend the initial Order, Report and Recommendation was at variance with Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54.1 in both time and terminology because (1) Rule 54(d) directs that motions for attorney's fees be filed within fourteen (14) days of the entry of judgment, but the Order, Report and Recommendation provided only ten (10) days; and (2) Local Rule 54.1 requires that the attorney seeking fees file an affidavit and a supporting affidavit reflecting services described in the monthly time summaries and does not use the term "documentation" to describe those filings, but the Order, Report and Recommendation used the term "documentation" (*see* Doc. 90 at 1–2; Doc. 92 at 3–4; Doc. 93 at 3). Counsel contends these variances led them to conclude (admittedly erroneously) that the court was departing from the Local Rules and creating a special circumstance for an award of fees in this case (*see* Doc. 90 at 2; Doc. 92 at 3–4; Doc. 93 at 3). The court's modification of the deadline for filing documentation of fees and costs (from 14 days to 10) and use of the word "documentation" in instructing the parties to file materials from which the court would determine the amount of fees was not such a dramatic departure from the Local Rules as to cause counsel to reasonably infer that Local Rule 54.1 did not apply to this case or that the court was waiving the requirements of the Rule. Furthermore, as previously noted, the requirement to file monthly time records began when the case commenced on January 29, 2009, so if counsel wished to recover attorney's fees associated with filing their motions to remand (all of which were filed in February of 2009 and included requests for attorney's fees), the first monthly time summary was due March 15, 2009, prior to issuance of the initial Order, Report and Recommendation.

Counsel for all of the non-removing parties, except RBC Bank, additionally argue that the Levitans were not prejudiced by the failure to file monthly time summaries (*see* Doc. 89 at 4; Doc. 90 at 3; Doc. 92 at 4; Doc. 93 at 4). They contend if the monthly reports had been filed in accordance with Local Rule 54.1(B), they would have been filed under seal and, therefore, would not have been available for the Levitans' review any sooner than the date counsel submitted the documentation pursuant to the Order, Report and Recommendation. As additional argument, Attorney Partington and Attorney Denise Dell-Powell, counsel for RBC Bank, assert that the documentation of fees submitted pursuant to the order of the undersigned complies with the substantive requirements of Local Rule 54.1(B)(1, 3), even though they did not comply with the time

requirement of Local Rule 54.1(B)(2) (*see* Doc. 89 at 4; Doc. 91 at 2).  Attorney Hoskins argues that the Levitans have not filed an acceptance or rejection of the attorney's fees amounts claimed by J & G New Market, as required by Local Rule 54.1(E)(4), and therefore, have not challenged the attorney's fees it seeks (*see* Doc. 90 at 3).  These arguments may be well taken were it not for the express provision in Rule 54.1(B) that "[f]ailure to comply with these requirements [one of which is the electronic filing of a time record summary by the 15th day of each month during the pendency of the action for work done during the preceding month] will result in attorneys' fees being disallowed for the omitted period."  The Rule provides no exception to this disallowance provision, for example, permitting an award of fees where the failure to comply was the result of excusable neglect or where the opposing party was not prejudiced by the failure to comply.  While the court obviously has discretion to waive or excuse non-compliance with the local rules, the non-removing parties in the instant case have not provided persuasive reasons to excuse their failure to comply.  Therefore, the amounts of attorney's fees sought by the non-removing parties should be disallowed for counsel's failure to comply with Local Rule 54.1(B)(2).

As a final matter, the undersigned will address the issue of costs.  While Local Rule 54.1(B) prevents the non-removing parties from recovering attorney's fees, it does not prevent them from recovering costs.  *See* Johnson, 950 F. Supp. at 1127 n.11 (there is no local rule setting out monthly filing requirements for costs and expenses).  The non-removing parties may therefore seek taxable costs by complying with the procedure set forth in the Federal Rules of Civil Procedure and the Local Rules.

Accordingly, it is respectfully **RECOMMENDED**:

1.That the amounts of attorney's fees sought by the non-removing parties be **DISALLOWED** for their failure to comply with Local Rule 54.1.

2.That the clerk enter judgment in this case.

At Pensacola, Florida this 19th day of November 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**